THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONTE MCCLELLON,

    Plaintiff,

    v.

CAPITAL ONE, N.A.,

    Defendant.

CASE NO. C18-0909-JCC

ORDER

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 7). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendant's motion (Dkt. No. 7) for the reasons explained herein.

## I. BACKGROUND

Plaintiff Donte McClellon ("McClellon") alleges that Defendant Capital One Bank ("Capital One") is liable for a series of fraudulent transactions from Plaintiff's checking account in 2017 and 2018. (Dkt. No. 1-1.) In his three-page complaint, McClellon makes the following allegations against Capital One:

> This is an action under the Uniform Commercial Code (4.22.005 to 925) and Washington Consumer Protection Act, RCW 19.86.020, based upon Defendant's blatant self-dealing and other intentional negligent misconduct in conversion, freezing, pooling, otherwise manipulating Plaintiff's funds without Plaintiff's authorization.

> Plaintiff further allege that the Defendant breached the contract, failed to comply with Regulation E and committed the tort of negligence in the handling of Plaintiff's funds. The Plaintiff seeks compensatory damages and all other damages (i.e., direct and consequential damages) allowed by law, and payment of costs and attorneys' fees.
>
> On or about September 30th 2017, Plaintiff opened an checking account with Defendant.
>
> Plaintiff timely filed his good faith Regulation E claims with Defendant but the Defendant failed to protect the checking account in subject, provisional credit the Plaintiff and have those funds be accessible to him.
>
> The fraudulent transactions at issue that took place in the checking in subject are $3,300 at Bank of America, $1,75.86 at W FT Lauderdale respectively posted on January 22nd, 2018. And another series of fraudulent transactions from SQC Square Cash for $400, $250, $100, $400 posted on January 16th, 2018. And other fraudulent SQC transactions: $100 (January 26th, 2018), $200 (January 28th, 2018), $125 (January 29th, 2018), $125 (January 29th, 2018), $400 (December 31st, 2017), $300 (December 28th, 2017), $100 (December 28th, 2017), $466 (December 3rd, 2017), $63 (November 16th, 2017), and $32 (November 2nd, 2017).
>
> Regulation E states that a provisional credit must be provided within 10 business days.[1]

(*Id*. at 1–2.) McClellon originally filed his complaint in King County Superior Court. (*Id*. at 1.) On June 21, 2018, Capital One removed the case to this Court.[2] (Dkt. No. 1.) On June 28, 2018, Capital One filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted (Dkt. No. 7). McClellon has not responded to the motion.

## II.  DISCUSSION

### A.  Legal Standard for Motion to Dismiss

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the

---

[1] These allegations are taken verbatim from the complaint. (*See* Dkt. No. 1-1.)
[2] The case was initially assigned to Hon. Richard A. Jones, but was reassigned to this Court on July 10, 2018. (Dkt. No. 8.)

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). A plaintiff is obligated to provide grounds for her entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

### B. Capital One's Motion to Dismiss

Capital One asks the Court to dismiss McClellon's complaint because it relies on conclusory allegations and does not provide sufficient facts to demonstrate Capital One is liable for any wrongdoing.[3] (Dkt. No. 7 at 2.) In his complaint, McClellon states that he had a checking account at Capital One and that numerous fraudulent transfers were made from the account in from November 2017 to January 2018. (Dkt. No. 1-1 at 1–3.) McClellon further alleges that Capital One "failed to protect his account" after he "timely filed his good faith Regulation E claims." (*Id*. at 2.) McClellon also states that Capital One engaged in "blatant self-dealing and other intentional negligent misconduct in conversion, freezing, pooling, otherwise manipulating Plaintiff's funds without Plaintiff's authorization." (*Id*. at 1.)

McClellon has not pled sufficient facts to demonstrate his claims against Capital One are plausible. McClellon's claims are conclusory, in that they lack specific facts to show Capital One was responsible for, or involved with, the alleged fraudulent transactions. For example, McClellon does not state how Capital One "failed to protect" his checking account, or how it engaged in "blatant self-dealing." Although McClellon lists several dates on which alleged

---

[3] The Court may consider McClellon's non-response to Capital One's motion to dismiss as an admission that the motion has merit. *See* W.D. Wash. Local Civ. R. 7(b)(2).

fraudulent transactions occurred, he provides no facts that suggest Capital One was involved with any of the transactions. Such allegations, represent "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Moreover, McClellon's vague reference to "Regulation E claims[4]" does not provide the Court, or Capital One, with sufficient information to determine how Capital One is liable for the claims alleged.

Even construing McClellon's complaint liberally, the Court concludes that it fails to state a claim upon which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (district courts are to construe *pro se* complaints liberally). Therefore, McClellon's complaint is DISMISSED without prejudice and with leave to amend. If McClellon chooses to file an amended complaint, he must do so within 21 days of this order being issued. In his amended complaint, McClellon must allege facts that demonstrate Capital One is liable to him for the fraudulent transfers he alleges occurred in his checking account.

## III.    CONCLUSION

For the foregoing reasons, Defendant's motion to DISMISS (Dkt. No. 7) is GRANTED. Plaintiff's complaint is DISMISSED without prejudice and with leave to amend in accordance with the Court's order. The Clerk is DIRECTED to send a copy of this order to Plaintiff.

DATED this 25th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[4] The implementing regulations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.*, are known as "Regulation E" and broadly deal with the "basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer and remittance transfer services and of financial institutions or other persons that offer these services." 12 C.F.R. § 1005.1. It is not clear from the complaint what provision of Regulation E Plaintiff is raising.

ORDER
C18-0909-JCC
PAGE - 4