THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONTE McCLELLON,

            Plaintiff,

    v.

CAPITAL ONE BANK, N.A.,

            Defendant.

CASE NO. C18-0909-JCC

ORDER

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 12) Plaintiff's amended complaint (Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendant's motion (Dkt. No. 12) for the reasons explained herein.

## I. BACKGROUND

Plaintiff Donte McClellon ("McClellon"), proceeding *pro se*, alleges that Defendant Capital One Bank, N.A., ("Capital One"), is liable to him for a series of allegedly fraudulent transactions in his checking account made between November 2017 and January 2018.[1] (Dkt.

---

[1] This is one of six related lawsuits filed by McClellon against various financial institutions, four of which are still pending before the Court. *See McClellon v. OptionsHouse*, Case No. C18-0817-JCC, Dkt. No. 1-1 (W.D. Wash. June 5, 2018); *McClellon v. Bank of America, N.A.,* Case No. C18-0829-JCC, Dkt. No. 1-1 (W.D. Wash. June 7, 2018); *McClellon v. Wells Fargo Advisors Financial Network, et al.*, Case No. C18-0852-JCC, Dkt. No. 1-1 (W.D.

No. 11 at 2.) McClellon originally filed his complaint in King County Superior Court, but Capital One removed the case to this Court.[2] (Dkt. No. 1.) In his three-page complaint, McClellon made the following allegations against Capital One:

> This is an action under the Uniform Commercial Code (4.22.005 to 925) and Washington Consumer Protection At, RCW 19.86.020, based upon Defendant's blatant self-dealing and other intentional negligent misconduct in conversion, freezing, pooling, otherwise manipulating Plaintiff's funds without Plaintiff's authorization.
>
> Plaintiff further allege that the Defendant breached the contract, failed to comply with Regulation E and committed the tort of negligence in the handling of Plaintiff's funds. The Plaintiff seeks compensatory damages and all other damages (i.e., direct and consequential damages) allowed by law, and payment of costs and attorneys' fees.
>
> On or about September 30th 2017, Plaintiff opened a checking account with Defendant . . . Plaintiff timely filed his good faith Regulation E claims with Defendant but the Defendant failed to protect the checking account in subject, provisional credit the Plaintiff and have those funds be accessible to him.
>
> The fraudulent transactions at issue that took place in the checking account in subject are $3,300 at Bank of America, $1,752.86 at W FT Lauderdale respectively posted on January 22nd, 2018. And another series of fraudulent transactions from SQC Square Cash for $400, $250, $100, $400 posted on January 16th, 2018. And other fraudulent SQC transactions: $100 (January 26th, 2018), $200 (28th, 2018), $125 (January 29th, 2018), and $125 (January 29th, 2018), $400 (December 31st, 2017), $300 (December 28th, 2017), $100 (December 28th, 2017), $466 (December 3rd, 2017), $63 (November 16th, 2017), and $32 (November 2nd, 2017) . . . Regulation E states that a provisional credit must be provided within 10 business days.[3]

(Dkt. No. 1-1 at 1–2.) Capital One filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. (Dkt. No. 7.) The Court granted Capital One's motion and dismissed McClellon's complaint without prejudice and with leave to amend. (Dkt. No. 10.)

---

Wash. June 12, 2018); *McClellon v. Citigroup Global Markets Inc.*, Case No. C18-0978-JCC, Dkt. No. 1-1 (W.D. Wash. July 2, 2018).
    [2] The Court denied McClellon's motion to remand. (Dkt. No. 10.)
    [3] All of the allegations quoted in this order are taken verbatim from the complaint (Dkt. No. 1-1) and amended complaint (Dkt. No. 11).

ORDER
C18-0909-JCC
PAGE - 2

The Court noted that, "McClellon's claims are conclusory, in that they lack specific facts to show Capital One was responsible for, or involved with, the alleged fraudulent transactions." (*Id*. at 3.) The Court also stated that the complaint failed to provide sufficient information to determine how Capital One violated Regulation E. (*Id*. at 4.)

McClellon timely filed an amended complaint. (Dkt. No. 11.) The amended complaint contains all of the allegations made in the original complaint. (*Compare* Dkt. No. 1-1, *with* Dkt. No. 11.) In addition, the amended complaint provides various factual allegations for why Capital One is allegedly liable to McClellon under Regulation E. (Dkt. No. 11 at 2–4.) The amended complaint contains a summary of Regulation E's protections for depositors who report an error in their account, such as McClellon. (*Id*.) The amended complaint cites to "Section 205.11" which purportedly "states that if a consumer notifies an institution that an error involving an EFT has occurred, the institution must investigate and resolve the claim within specified deadlines. Errors covered by this requirement include unauthorized EFTs, incorrect EFTs, and the omission from an account statement of an EFT that should have been included." (*Id*. at 3.)

McClellon alleges that he "notified the Defendant within the 60 day time frame of these transactions pursuant to Regulation E. Plaintiff timely notified that his card was lost/or stolen directly to Defendant Bank as soon as he became aware of it." (*Id*. at 4.) McClellon notes that Capital One had "honored and paid prior fraud claims as well as identified errors in the checking account in subject, however Defendant whatever reason is now backpedaling and refusing to honor similar fraud claims identified in this suit." (*Id*.) The amended complaint asserts that by "paying other fraud claims," Capital One was aware of the fraudulent transactions occurring in McClellon's checking account. (*Id*.)

McClellon asserts that Capital One's advertising regarding fraud protection was misleading because his checking account experienced fraudulent transactions. (*Id*.) The amended complaint also states that Capital One "engaged in blatant self-dealing because Plaintiff is the depositor and Defendant makes money through its loans program off of Plaintiff's deposits." (*Id*.

at 5.)

Capital One filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 12.) Capital One asserts that the amended complaint suffers from the same deficiencies that the Court identified in its order dismissing McClellon's original complaint. (*Id.* at 1.) McClellon's response to Capital One's motion reads in its entirety:

> Pro Se Plaintiff Donte McClellon hereby submits his opposition to Defendant's motion to dismiss and respectfully request that the court deny Defendant's motion to dismiss because Plaintiff has amended his complaint twice and provided proper service of his original complaint to Defendant. In addition to that, Plaintiff denies Defendant's erroneous statement that 'Plaintiff is abusing the legal process to try to extort nuisance settlements.' Furthermore, Defendant highlighted that '[t]he futility of permitting another amendment is' inappropriate here, however Plaintiff is pro se and isn't an attorney nor trying to be one. Sticking to the facts is what Plaintiff wants to focus on in every individual case. Plaintiff believes that he had added enough facts and law to satisfy the court in this specific case and if court still believes that Plaintiff hasn't include enough facts then offering another chance to amend complaint would be fair.

(Dkt. No. 13.) McClellon contemporaneously filed a second amended complaint, without seeking leave of Court. (Dkt. No. 14.)

A party may amend a pleading once, as a matter of course, but "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave." Fed. R. Civ. P. 15(a)(1), (2). McClellon was not entitled to file a second amended complaint as a matter of course because he already amended his complaint. (*See* Dkt. No. 11.) Nor did McClellon receive written consent from Capital One or leave from the Court to file a second amended complaint. (*See* Dkt. No. 16.) Therefore, the Court STRIKES McClellon's second amended complaint (Dkt. No. 14) and will not consider its allegations in deciding Defendant's motion to dismiss.

## II. DISCUSSION

### A. Legal Standard for Motion to Dismiss

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citation omitted). The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs, and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### B. McClellon's Claims

McClellon asserts the following causes of action against Capital One: (1) violation of Regulation E; (2) violation of the Uniform Commercial Code ("UCC"); (3) violation of the Washington Consumer Protection Act, Revised Code of Washington section 19.86.20 ("CPA"); (4) breach of contract; and (5) negligence. (Dkt. No. 11 at 1.)

#### 1. Regulation E Claim

The implementing regulations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, commonly known as "Regulation E," broadly deal with the "basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer and financial institutions that offer these services." 12 C.F.R. § 205.1. The EFTA and Regulation E establish procedures that banks must follow in resolving transfer-related errors that are reported by consumers. *See* 15 U.S.C. § 1693f; 12. C.F.R. § 205.11. Under the EFTA, "any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer." 15 U.S.C. § 1693m(a). A transfer "error" includes an unauthorized or incorrect electronic fund transfer from the consumer's account. *See* 15 U.S.C. § 1693f(f)(1)–(2); 12 C.F.R. § 205.11(a)(1)–(2).

Within 60 days of a transfer error being reflected in a consumer's account statement, the consumer must provide the financial institution with either oral or written notification of the error. 12 C.F.R. § 205.11(b)(1). The notice must "[e]nable[] the institution to identify the consumer's name and account number; and . . . indicate[] why the consumer believes an error exists and include[] to the extent possible the type, date, and amount of the error, except for requests described in paragraph (a)(1)(vii) of this section." 12 C.F.R. § 205.11(b)(1)(ii)–(iii).

Upon receiving such notice, a financial institution:

> Shall investigate promptly and . . . shall determine whether an error occurred within 10 business days of receiving a notice of error. The institution shall report the results to the consumer within three business days after completing its investigation. The institution shall correct the error within one business day after determining that an error occurred.

12 C.F.R. § 205.11(c)(1). A financial institution may also take up to 45 days to conduct its error investigation, provided that it "[p]rovisionally credits the consumer's account in the amount of the alleged error (including interest where applicable) within 10 business days of receiving the error notice." 12 C.F.R. § 205.11(c)(2)(A).

McClellon seems to allege that Capital One violated Regulation E by failing to provisionally credit his checking account after he informed it of the allegedly fraudulent transactions.[4] (*See generally* Dkt. No. 11.) The amended complaint does not contain sufficient facts to support McClellon's Regulation E claim. Contrary to McClellon's assertions, a bank is required to provisionally credit a consumer's account only if it is unable to complete its error investigation within 10 days. *See* 12 C.F.R. § 205.11(c)(2)(A). Simply providing notice of a transfer error, as McClellon allegedly did, did not necessarily obligate Capital One to provisionally credit his account, but only to conduct a timely investigation and correct the

---

[4] The Court liberally construes McClellon's claim, as the amended complaint is not entirely clear about which provision of Regulation E McClellon seeks to enforce. Based on the allegations in the amended complaint, McClellon's claim appears to be brought pursuant to 15 U.S.C. § 1693m, for violations of the regulations dealing with transfer errors. *See* 12 C.F.R. § 205.11.

alleged error.

The amended complaint does not contain any allegations about whether Capital One conducted a timely investigation into the reported errors. (*See generally* Dkt. No. 11.) Nor does McClellon assert that Capital One failed to correct the alleged errors within the timelines outlined in Regulation E. (*Id*.) In other words, the amended complaint fails to allege facts demonstrating that Capital One was obligated to provisionally credit McClellon's account. While McClellon asserts that Capital One had "honored and paid prior fraud claims," the bank's past conduct does not require it to provisionally credit McClellon's under Regulation E. (Dkt. No. 11 at 3.)

For those reasons, the Court DISMISSES McClellon's Regulation E claim without prejudice and with leave to amend. Dismissal without prejudice is appropriate because McClellon could potentially cure his claim by alleging additional facts demonstrating that Capital One is liable to him under the EFTA and Regulation E.

### 2. UCC Claim

The amended complaint makes a single reference to McClellon's UCC claim. (Dkt. No. 11 at 1) ("This is an action under the Uniform Commercial Code (4.22.005 to 925)."). Washington has adopted Article 4A of the UCC ("Article 4A"), which deals with fund transfers from financial institutions such as banks. *See* Wash. Rev. Code 62A.4A. Article 4A regulates funds transfers from a customer's bank to third parties. *See* Wash. Rev. Code § 62A.4A-104 UCC Comment 1 ("Article 4A governs a method of payment in which the person making payment (the 'originator') directly transmits an instruction to a bank either to make payment to the person receiving payment (the 'beneficiary') or to instruct some other bank to make payment to the beneficiary."). Funds transfers are commonly known as "wire transfers." *See* Wash. Rev. Code § 62A.4A-102 UCC Comment ("Article 4A governs a specialized method of payment referred to in the Article as a funds transfer but also commonly referred to in the commercial community as a wholesale wire transfer.").

The amended complaint alleges that the fraudulent transactions at issue occurred in McClellon's checking account and were made from various sources, such as the mobile payment system Square Cash. (Dkt. No. 11 at 2.) Based on the allegations in the amended complaint, the transactions at issue were not the type of wire transfers that are governed by Article 4A. Therefore, McClellon's UCC claim is DISMISSED with prejudice and without leave to amend. A dismissal with prejudice is appropriate because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

### 3. CPA Claim

McClellon asserts a claim under the CPA "based upon Defendant's blatant self-dealing and other intentional negligent misconduct in conversion, freezing, pooling, otherwise manipulating Plaintiff's funds without Plaintiff's authorization." (Dkt. No. 11 at 1.) To plead a plausible CPA claim, a plaintiff must allege facts that satisfy the following elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).

The amended complaint does not contain sufficient facts to create a reasonable inference that Capital One committed an unfair or deceptive act or practice. "A [CPA] claim may be based on a per se violation of a statute or on unfair or deceptive practices unregulated by statute but involving the public interest." *Blake v. Fed. Way Cycle Ctr.*, 698 P.2d 578, 581–82 (Wash. Ct. App. 1985). "A per se unfair trade practice exists when a statute that has been declared by the legislature to constitute an unfair or deceptive act in trade or commerce has been violated." *Merriman v. Am. Guarantee & Liab. Ins. Co.*, 396 P.3d 351, 367 (Wash. Ct. App. 2017). The amended complaint does not allege that Capital One violated a statute that may serve as the basis for a *per se* CPA violation.

Where an unfair or deceptive act or practice is not based on a statutory violation, a plaintiff must show that "the alleged act had the capacity to deceive a substantial portion of the

public." *Hangman Ridge*, 719 P.2d at 535. An alleged deceptive act or practice does not meet this requirement if it is "unique to the relationship between plaintiff and defendant." *Behnke v. Ahrens*, 294 P.3d 729, 736 (Wash. Ct. App. 2012). Thus, "[t]o establish an unfair or deceptive act, there must be shown a real and substantial potential for repetition, as opposed to a hypothetical possibility of an isolated unfair or deceptive act's being repeated." *Id*. at 737.

McClellon has not alleged facts establishing that Capital One's conduct had the capacity to deceive a substantial portion of the public. First, McClellon has not asserted facts that suggest Capital One acted deceptively in allowing the allegedly fraudulent transfers.[5] Second, the amended complaint does not contain sufficient facts to demonstrate that the alleged unfair act or practice—Capital One's failure to prevent fraudulent transactions—has a real and substantial potential to be repeated. *Id.* In other words, McClellon's claims against Capital One are specific to him, and do not amount to the type of deceptive or unfair practices that have the potential to deceive the public at large.

For the foregoing reasons, McClellon's CPA claim is DISMISSED with prejudice. A dismissal with prejudice is appropriate because further amendment would be futile. *See Cervantes*, 656 F.3d at 1041.

4. <u>Breach of Contract Claim</u>

To state a claim for breach of contract, a plaintiff must allege that a contract imposed a duty, the duty was breached, and the breach proximately caused the plaintiff harm. *Nw. Mfrs. v. Dep't of Labor*, 899 P.2d 6, 7 (Wash. 1995). While McClellon asserts that Capital One "breached the contract," he does provide any specific information regarding the relevant contract or the provisions at issue. (Dkt. No. 11 at 1.) Even assuming the parties had a contract governing

---

[5] The amended complaint asserts that Capital One's advertising regarding its "zero-liability" fraud protection is misleading. (Dkt. No. 11 at 4.) That claim is conclusory, in that it fails to explain how Capital One's advertising was misleading or had the potential to deceive a substantial portion of the public.

ORDER
C18-0909-JCC
PAGE - 9

McClellon's checking account, McClellon has failed to allege how Capital One breached a duty under the contract. While the court can liberally construe McClellon's amended complaint, it cannot supply an essential fact that he failed to plead. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Therefore, McClellon's breach of contract claim is DISMISSED with prejudice and without leave to amend. The Court concludes that further amendment would be futile because Plaintiff has failed to correct the deficiencies in his complaint and has provided nothing in his amended to complaint to suggest that he will do so in the future. *See Cervantes*, 656 F.3d at 1041.

### 5. Negligence Claim

The required elements for a negligence claim are: (1) duty; (2) breach of that duty; (3) causation; and (4) damages. *Schooley v. Pinch's Deli Mkt., Inc.*, 912 P.2d 1044, 1046 (Wash. Ct. App. 1996). Although the amended complaint states that Capital One "committed the tort of negligence in handling [his] funds," it is not clear what duty Capital One owed McClellon or how that duty was breached. (Dkt. No. 11 at 1.) The Court can construe the amended complaint as alleging that Capital One owed a duty to McClellon to correct the reported transfer error pursuant to Regulation E; however, as the Court has already explained, McClellon's Regulation E claim is factually deficient. *See supra* Part II.B.1. As with his Regulation E claim, McClellon has not plausibly alleged a negligence claim.

For those reasons, the Court DISMISSES McClellon's negligence claim without prejudice and with leave to amend. Dismissal without prejudice is appropriate because McClellon could potentially cure his claim by alleging additional facts demonstrating that Capital One owed him a duty, breached that duty, and thereby caused him harm.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 12) is GRANTED. The Court ORDERS as follows:

1. Plaintiff's claims under the EFTA and Regulation E and for common law negligence are DISMISSED without prejudice and with leave to amend. If Plaintiff chooses to file an amended complaint, he must do so within 14 days from the issuance of this order.

2. Plaintiff's claims pursuant to the UCC and CPA, as well as for breach of contract, are DISMISSED with prejudice and without leave to amend.

3. The Clerk is DIRECTED to send a copy of this order to Plaintiff.

DATED this 22nd day of October 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE