UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONTE McCLELLON,<br><br>                     Plaintiff,<br><br>   v.<br><br>CAPITAL ONE, N.A.,<br><br>                     Defendant. | CASE NO. 2:18-cv-00909-JCC<br><br>**REPORT AND RECOMMENDATION** |

On March 15, 2019, Plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals (Dkt. 31) and a motion and application to appeal in forma pauperis ("IFP") (Dkt. 30). Pursuant to the District's Amended General Order No. 02-19, Plaintiff's motion (Dkt. 30) was referred to the undersigned. Dkt. 35. Defendant opposes the motion. Dkt. 33.

**BACKGROUND**

Plaintiff alleges that Capital One failed to "protect his checking account" by allowing unauthorized transactions and not granting provisional credit while it investigated his claims. Dkt. 1-1. The Court dismissed Plaintiff's complaint twice, both times with leave to amend. Dkts. 10, 16. When Plaintiff failed to amend his complaint a second time, the Court ordered Plaintiff to show cause why this action should not be dismissed. Dkt. 19. When Plaintiff failed to respond to

REPORT AND RECOMMENDATION - 1

the Court's Order, the Court dismissed this action with prejudice. Dkt. 21. The Court later denied Plaintiff's two motions for reconsideration. Dkts. 27, 29.

Plaintiff's related cases were all assigned to this Court. *See McClellon v. Citigroup Global Markets, Inc*., Case No. 18-cv-00978-JCC (filed May 17, 2018); *McClellon v. OptionsHouse,* Case No. 18-cv-00817-JCC (filed June 5, 2018); *McClellon v. Bank of America, N.A.*, Case No. 18-cv-00829-JCC (filed June 7, 2018); *McClellon v. Wells Fargo Bank, N.A.*, Case No. 18-cv-00851-JCC (filed June 12, 2018); and *McClellon v. Wells Fargo Financial Network, LLC, et al.*, Case No. 18-cv-00852-JCC (filed June 12, 2018). Plaintiff's allegations in the related cases are similar to those brought against Capital One. Plaintiff accuses each defendant of "blatant self-dealing and other intentional negligent misconduct in conversion, freezing, pooling [or] otherwise manipulating Plaintiff's funds without Plaintiff's authorization." Plaintiff has filed identical motions for leave to appeal IFP in the related cases. [1]

## DISCUSSION

A litigant who cannot afford the expense of an appeal may move for leave to proceed IFP. FRAP 24(a); 28 U.S.C. § 1915(a)(1). But "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). While the statute refers to prisoner appeals, it applies equally to all civil litigants. *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (applying 28 U.S.C. §1915 to a non-prisoner civil case).

A "good faith" appeal must seek review of at least one "non-frivolous" issue or claim. *Hooker*, 302 F.3d at 1092. An appeal that is itself frivolous is not "well taken" under the IFP

---

[1] Plaintiff's motions for leave to appeal IFP in Case Nos. 18-cv-00817-JCC and 18-cv-00852-JCC have also been referred to the undersigned and are the subject of separate Orders.

REPORT AND RECOMMENDATION - 2

statute. *Id.*; *see also Forney v. Hitner*, No. C13-2176-JLR, 2014 WL 171948, at *2 (W.D. Wash. Jan. 15, 2014) (citing *Hooker* and revoking IFP status on appeal).

An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims are those "based on an indisputably meritless legal theory," such as claims against defendants who are immune from suit or for infringement of a legal interest that clearly does not exist. *Id.* at 327. Factually frivolous claims are those premised on "clearly baseless" factual contentions, such as claims "describing fantastic or delusional scenarios." *Id.* at 327-28. The Court may consider evidence that the litigant's motives are improper to find an appeal is frivolous. *Tweedy v. United States*, 276 F.2d 649, 651 (9th Cir. 1960).

Plaintiff has filed nearly identical lawsuits—and appeals— against many different banks and financial institutions. Every case alleges that the defendants engaged in "blatant self-dealing" and mismanaged Plaintiff's accounts, causing him to lose hundreds of thousands of dollars. In this case, the Court found that Plaintiff's allegations twice failed to meet the requisite pleading standard and dismissed his amended complaint with prejudice only after giving him additional time to file a second amended complaint.

The similarities among Plaintiff's multiple lawsuits provide additional evidence that Plaintiff has not brought this appeal in good faith. Although in his complaints, Plaintiff describes himself as a prolific investor in stocks (Citigroup), solar technology (Wells Fargo Financial) and cryptocurrency (Wells Fargo), he now swears in his IFP application that he does not "own or have any interest in . . . stocks, bonds, notes . . . or other valuable property", and denies that he ever had a job. Dkt. 30, 1-2.

The Court already determined that Plaintiff's allegations are factually unsupported. Plaintiff has not shown that he has brought his appeal in "good faith" because he fails to seek review of at least one "non-frivolous" issue or claim. *Hooker*, 302 F.3d at 1092. Plaintiff's multiple complaints with similarly unsupported allegations and inconsistent IFP applications also indicate that this is not a good faith appeal by an indigent litigant. Accordingly, the undersigned recommends that Plaintiff's motion for leave to appeal IFP (Dkt. 30) be **DENIED**. Plaintiff may still pursue his appeal in the Ninth Circuit, but he should pay the appropriate filing fees to do so.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **April 26, 2019.** The Clerk should note the matter for **April 30, 2019**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed five (5) pages. The failure to timely object may affect the right to appeal.

DATED this 5th day of April, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4