UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONTE MCCLELLON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAPITAL ONE BANK,<br><br>　　　　　　Defendant. | CASE NO. C18-909 JCC<br><br>ORDER AFFIRMING ORDER DECLINING TO RECUSE VOLUNTARILY |

This matter is before the Court on Plaintiff's motion seeking, *inter alia*, recusal of the Honorable Judge Coughenour. Dkt. #41. Judge Coughenour declined to recuse himself and, in accordance with this Court's Local Civil Rules, the matter was referred to the Undersigned for review. Dkt. #45; LCR 3(f). Plaintiff's motion is light on factual support and does not demonstrate a basis for recusal. The Undersigned affirms Judge Coughenour's decision.

Plaintiff's primary complaints clearly flow from Plaintiff's disagreement with orders entered by Judge Coughenour. *See* Dkt. #41 at 4–5. Plaintiff alleges that Judge Coughenour abused his discretion by finding Plaintiff's appeal was "not made in good faith." *Id.* at 4. Plaintiff expresses his belief that his motion to vacate the judgment should have been granted and that Judge Coughenour denied IFP status on appeal "even when opposing counsel [had] not opposed" it. *Id.* Plaintiff concludes that Judge Coughenour's "rulings [have] demonstrated that he is incapable of ruling in impartiality in separate matters." *Id.*

Pursuant to 28 U.S.C. § 455(a), a "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Plaintiff fails to allege any reasonable basis for recusal. Plaintiff's complaints are with Judge Coughenour's judicial actions. But, "a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source."). Plaintiff merely alleges that "[t]his has gone well beyond simply disagreeing with a U.S. District Judge on any particular ruling but into the efforts this U.S. District Judge has made to abuse his discretion." Dkt. #41 at 4. Beyond this baseless and conclusory allegation, Plaintiff points to nothing but Judge Coughenour's prior rulings as a basis for concluding that Judge Coughenour's "impartiality might reasonably be questioned." Accordingly, the Court finds and ORDERS that Judge Coughenour's Order (Dkt. #45) declining to recuse himself is AFFIRMED. The Clerk shall provide a copy of this Order to Plaintiff.

Dated this 14th day of June 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE